# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-3401 |
| | : | |
| **WELL PATH,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                **July 20, 2020**

Incarcerated *pro se* litigant Charles Talbert challenges his latest prison's level of medical care without paying the filing fees despite us barring him in April 2019 from filing lawsuits without paying the filing fees under Congress's mandate in 28 U.S.C. § 1915. Mr. Talbert alleges an undiagnosed heart infection is causing him leg and chest pains at SCI-Phoenix and he wants a private consult at Abington Hospital. Mr. Talbert alleges the prison medical staff failed to diagnose his heart infection. He pleads his leg and chest pains are symptoms of this undiagnosed heart infection which is caused by his preexisting health problems. Dissatisfied by the professional opinions of the SCI Phoenix medical staff, Mr. Talbert requests a mandatory preliminary injunction so he may be evaluated by doctors at Abington Memorial Hospital.

Because we barred Mr. Talbert in April 2019 from filing further lawsuits without paying the filing fees, Congress requires he plead imminent danger of serious physical injury to proceed *in forma pauperis*. Neither speculation of disease nor disagreement with determinations made by prison medical professionals constitute imminent danger of serious physical injury to meet Congress's exception to the filing bar under 28 U.S.C. § 1915(g). We deny Mr. Talbert's *in forma pauperis* motion and require he either pay the filing fees or amend his complaint to plead facts showing he is in imminent danger of serious physical injury. We also deny his motion for a preliminary mandatory injunction without prejudice should he pay the filing fee or meet the level of imminent physical danger and then show us an indisputably clear right to compel prison medical officials to change their diagnosis and treatment protocols.

**I.      Alleged *pro se* facts**

Mr. Talbert began experiencing "painful" swelling "up to his knees" on July 3, 2020 after nearly four months in solitary confinement.[1] Mr. Talbert suffers from an "oral infection[,] high blood pressure[,] and high cholesterol[.]"[2] Mr. Talbert requested and received a medical evaluation after he began experiencing "chest pains."[3] The medical staff "examined" Mr. Talbert but did not diagnose him with illness based on his complaint of pains.[4]

Mr. Talbert self-diagnoses his preexisting "heart conditions" and "oral infection" are causing him "endocarditis" and the pains he now experiences are symptoms of endocarditis.[5] He opines this undiagnosed heart infection could prove to be "life-threatening" if left untreated.[6] The SCI Phoenix medical team lacks the "heart, skin, [and] blood . . . specialists" to properly diagnose Mr. Talbert.[7] He is not receiving "adequate [medical] care."[8] He requests "an immediate and permanent injunction" so he may be evaluated at "Abington Hospital for examination, diagnosis, and possible surgery."[9] His current pains and suspected endocarditis "meet[] 1915(g) requirements" as imminent dangers of serious physical injury.[10]

**II.     Analysis**

Mr. Talbert filed this complaint and moves to proceed *in forma pauperis*. The issue is whether Mr. Talbert's alleged suspected heart condition and his leg and chest pains pose imminent dangers of serious physical injury to clear Congress's screening bar and proceed *in forma pauperis*.[11] If so, Mr. Talbert must then demonstrate an "indisputably clear" need for a mandatory preliminary injunction. Mr. Talbert fails to plausibly allege he is in imminent danger of serious physical injury because his fears of developing a heart condition are speculative and he is receiving medical attention in SCI Phoenix. We need not consider whether Mr. Talbert is entitled to an injunction until we know the case may proceed.

The Prison Litigation Reform Act ("Act") requires a prisoner who has previously had at least three complaints dismissed for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" to allege he is "under imminent danger of serious physical injury" to proceed *in forma pauperis*.[12] Our Court of Appeals has defined "imminent dangers" as those which are "impending[.]"[13] Past instances of serious physical injury do not merit section 1915(g)'s exception.[14]

We detailed Mr. Talbert's history of filing complaints while in prison and his status as a "three-strike" plaintiff in our April 5, 2019 Order in *Talbert v. Carney*.[15] Mr. Talbert filed "at least fifty-four lawsuits" in our District by April 2019.[16] He had "at least four" *pro se* complaints dismissed for being frivolous or failing to state a claim from 2013 to 2016.[17] We reviewed his April 2019 complaint in *Talbert v. Carney* under section 1915(g) and required Mr. Talbert plead imminent danger of serious physical injury.[18] We declined his motion to proceed *in forma pauperis* because he did not plead imminent danger.[19] Just last month we declined another of Mr. Talbert's motions to proceed *in forma pauperis* after he failed to allege imminent danger of serious physical injury from headaches due to prison officials allegedly taking his property.[20]

A three-strike plaintiff fails to clear section 1915's bar where they allege eventual or suspected development of a serious health condition.[21] For example, the incarcerated plaintiff in *Brown* alleged his "irregular heartbeat, high blood pressure . . . [and] high cholesterol" constituted imminent danger of serious physical injury because they "could contribute" to his contracting heart disease.[22] The plaintiff admitted doctors examined him but contested their findings and alleged they rendered "inadequate medical treatment."[23] Judge Robreno denied the plaintiff's motion to proceed *in forma pauperis* and declined to consider the plaintiff's "risk factors for heart disease" as an imminent danger of serious physical injury because a speculated "impending" illness is not an imminent danger.[24]

3

Pain stemming from diagnosed health issues does not clear Congress's imminent danger exception where the plaintiff receives a medical evaluation before filing a complaint.[25] For example, the three-strike incarcerated plaintiff in *Tripati* alleged "unbearable pain" after doctors changed his medications and he developed a cyst in his right eye despite "receiving medical attention" from doctors for both his bodily and eye pains.[26] Judge McVerry construed the complaint as the plaintiff "disagree[ing] with the quality of the medical care" provided by the doctors and denied his motion to proceed *in forma pauperis* because the doctors evaluated the plaintiff's ailments.[27]

By way of comparison, a three-strike incarcerated plaintiff meets section 1915's exception if the prison denies medical care or evaluation and the plaintiff experiences pain as a result of the denial.[28] The incarcerated plaintiff in *Williams* alleged his previously diagnosed "terminal disease" and "urinary tract infection" caused him "serious pain."[29] Our Court of Appeals granted the plaintiff's motion to proceed *in forma pauperis* and considered the pain ongoing because it stemmed from his untreated previously diagnosed illnesses and thus satisfied Congress's imminent danger of serious physical injury requirement.[30]

As presently plead, Mr. Talbert's leg and chest pains do not constitute imminent danger of serious physical injury because he does not allege doctors neglected to examine him. We liberally construe Mr. Talbert's complaint as speculating he is experiencing an undiagnosed heart condition which he concludes constitutes imminent danger of serious physical injury.[31] An incarcerated plaintiff does not allege imminent danger of serious physical injury by concluding he suffers from a serious undiagnosed health condition even though he has been previously examined.[32] Mr. Talbert might clear Congress's section 1915 requirement by alleging he has not received medical attention for his leg and chest pain and the pain continues without abatement.[33]  But Mr. Talbert admits SCI Phoenix doctors "examined" his now complained-of pains.[34] Mr. Talbert instead

4

alleges these doctors fail to provide "adequate care."[35]   Failure to provide "adequate care" is not a basis to overcome Congress's bar on serial filings by incarcerated persons without paying the filing fees.[36]

## III.    Conclusion

We deny Mr. Talbert's motion to proceed *in forma pauperis*. He claims he experiences leg and chest pains, and, in his opinion, these pains are consistent with endocarditis. Doctors at SCI Phoenix examined Mr. Talbert and did not diagnose him with endocarditis. Mr. Talbert fears these doctors mistakenly cleared him as healthy and seeks a mandatory preliminary injunction to require treatment at Abington Hospital. Suspected but undiagnosed illnesses are not imminent dangers of serious physical injury. Medical attention for complained of health issues disposes of three-strike litigant complaints. A three-strike litigant's disagreement with a doctor's professional opinion does not meet Congress's mandate in section 1915. We require Mr. Talbert either pay the required fees or plead imminent danger of serious physical injury beyond fear of an undiagnosed illness.  We deny his motion for a preliminary mandatory injunction without prejudice should he proceed and then be able to show us a clear indisputable right to the narrowly tailored relief.[37]

---

[1] ECF Doc. No. 1 at ¶¶ 7, 11, 13.

[2] *Id.* at ¶ 9.

[3] *Id.* at ¶¶ 14-15.

[4] *Id.* at ¶ 15.

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶ 19.

[7] *Id.* at ¶ 21.

[8] *Id.* at ¶ 22.

[9] *Id.* at p. 3.

[10] *Id.* at p. 5.

[11] As always, we "liberally construe[]" Mr. Talbert's complaint, *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), and read his allegations in the light most favorable to him. *See Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). We require him to allege facts and not "vague and [] conclusory" allegations he is in imminent danger of serious physical injury. *Ball v Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) *rev'd on other grounds, Coleman v. Tollefson*, 135 S.Ct. 1759, 191 L.Ed.2d 803 (2015).

[12] 28 U.S.C. § 1915(g).

[13] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315-16 (3d Cir. 2001).

[14] *Id.*

[15] No. 19-1340, 19-1341, 2019 WL 1516940 (E.D. Pa. Apr. 5, 2019).

[16] *Id.* at *3.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Talbert v. Wetzel*, No. 20-3010, 2020 WL 3542334 (E.D. Pa. June 30, 2020).

[21] *Brown v. Beard*, 492 F. Supp. 2d 474 (E.D. Pa. 2007); *see also Daker v. Robinson*, 802 Fed. App'x 513, 515 (11th Cir. 2020) (denying *in forma pauperis* motion where plaintiff alleged speculative contracting of HIV from use of "unsanitized clippers[.]").

[22] *Id.* at 478.

[23] *Id.* at 478-79.

[24] *Id.* at 479.

[25] *Tripati v. Hale*, No. 13-830, 2013 WL 4054627 (W.D. Pa. Aug. 12, 2013).

[26] *Id.* at *1-2.

[27] *Id.* at *2.

[28] *Williams v. Forte*, 135 Fed. App'x 520 (3d Cir. 2005); *see also McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (granting *in forma pauperis* motion where prison medical staff's "unconstitutional[] delay[]" of medical treatment caused plaintiff to suffer from infection).

[29] *Id.* at 521.

---

[30] *Id.*

[31] ECF Doc. No. 1 at p. 5 (positing he is experiencing "a spreading infection" and his leg swelling "is an indicator of heart failure[.]").

[32] *Brown v. Beard*, 492 F. Supp. 2d 474, 479 (E.D. Pa. 2007).

[33] *See Williams v. Forte*, 135 Fed. App'x 520, 521 (3d Cir. 2005).

[34] ECF Doc. No. 1 at ¶ 15.

[35] *Id.* at ¶ 22.

[36] *Tripati v. Hale*, No. 13-830, 2013 WL 4054627 (W.D. Pa. Aug. 12, 2013); *Brown*, 492 F. Supp. 2d 474.

[37] A preliminary injunction may only granted upon a movant demonstrating "(1) the reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured . . . if relief is not granted. . . . (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008). A preliminary "mandatory injunction" is an "extraordinary remedy" which should not be granted lightly. *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972). For a preliminary mandatory injunction, the plaintiff must plead their "right to relief" is "indisputably clear." *Trinity Indus., Inc., v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013).

Mr. Talbert would need to demonstrate his deliberate indifference to serious medical needs claim would likely succeed on the merits to be granted a preliminary injunction. Our Court of Appeals has denied injunctive relief to deliberate indifference of serious medical needs in similar fact scenarios to Mr. Talbert's. *Steedley v. McBride*, 530 Fed. App'x 101, 103 (3d Cir. 2013). We need not address the merits of Mr. Talbert's claim for a preliminary mandatory injunction as he has not cleared Congress's exception to the filing bar under section 1915(g).